**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Roberto RODRIGUEZ, Defendant–**
**Appellant.**

**No. 05–41240.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 24, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marjorie A. Meyers, Philip G. Gallagher, Federal Public Defender, Houston, TX, for Defendant–Appellant.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Roberto Rodriguez appeals his guilty-plea conviction for being a felon in possession of firearm ammunition in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2). He argues for the first time on appeal that § 922(g)(1) is unconstitutional on its face and as applied to the instant case because it does not require a substantial effect on interstate commerce. He also argues for the first time on appeal that his conviction should be reversed because the indictment does not allege that the offense had a substantial impact on interstate commerce. He acknowledges that these arguments are foreclosed by precedent, but raises them to preserve them for possible Supreme Court review.

We have repeatedly held that "the constitutionality of § 922(g) is not open to question." *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir.2001)(quoting *United States v. DeLeon*, 170 F.3d 494, 499 (5th Cir.1999)). Evidence that a weapon was manufactured in one state and possessed in another is sufficient to sustain a conviction under § 922(g). *Daugherty*, 264 F.3d at 518; *United States v. Kuban*, 94 F.3d 971, 973 (5th Cir.1996); *United States v. Rawls*, 85 F.3d 240, 242–43 (5th Cir.1996). Additionally, in *United States v. Gresham*, 118 F.3d

258, 264–65 (5th Cir.1997), we rejected a challenge to the sufficiency of the indictment under § 922(g)(1) that was identical to the one raised by Rodriguez in this case. Accordingly, Rodriguez's challenges to the constitutionality of § 922(g)(1) and to the indictment are foreclosed by circuit precedent.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.